**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-538-FDW
(3:12-cr-258-FDW-1)**

| | |
|---|---|
| IGOR BORODIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion for "Sentencing Modification." (3:12-cr-258, Doc. No. 55).

On October 22, 2012, Petitioner pleaded guilty pursuant to a written plea agreement to one count of trafficking in motor vehicle airbags which bore counterfeit trademarks owned by automobile manufacturers, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 2320(a) and 2 (Count One), and one count of transporting hazardous materials, and aiding and abetting the same, in violation of 49 U.S.C. § 46312, and 18 U.S.C. § 2 (Count Two). Petitioner was sentenced to an active term of 84-months in prison on Count One and a concurrent term of 64-months in prison on Count Two. (3:12-cr-258, Doc. No. 51: Amended Judgment). Petitioner's convictions and sentence were affirmed on appeal. See United States v. Borodin, 576 F. App'x 202 (4th Cir. 2014).

On September 10, 2014, Petitioner filed a pro se motion for "Sentencing Modification" in his criminal case. In this motion, Petitioner argues, among other things, that his Fourth Amendment rights were violated because he was held without bail, and he makes other

1

arguments in his effort to obtain a sentencing reduction. The Court examined the motion and found that it should be properly considered as a motion to vacate, set aside or correct sentence under the provisions of 28 U.S.C. § 2255 because Petitioner was attacking the legality of his judgment. Section 2255 provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

On October 29, 2014, the Court entered an Order notifying Petitioner that he could agree to have the motion to modify his sentence considered on the merits as a § 2255 motion to vacate, and that he could present any additional arguments within twenty-one days from entry of the Order. Because Petitioner did not respond to this Order, the Court concludes that he has not consented to the consideration of his motion to modify sentence as a collateral attack pursuant to the provisions of Section 2255. The Court will therefore dismiss the present action without prejudice.

Petitioner is notified, however, that should he choose to proceed with a collateral attack under § 2255 that there are time limitations on a petitioner's ability to file such a collateral proceeding. The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that:

> (f) A 1-year period of limitation shall apply to a [§ 2255] motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Fourth Circuit affirmed Petitioner's judgment on June 23, 2014, and he did not file a petition for a writ of certiorari with the Supreme Court of the United States. Therefore, under § 2255(f)(1), assuming no other provisions of § 2255(f) apply, Petitioner shall have one year from the date his judgment became final to file a § 2255 motion to vacate, set aside or correct his criminal judgment. See Clay v. United States, 537 U.S. 522, 525 (2003) (conviction becomes final when time to file certiorari petition to contest "affirmation of the conviction" expires).

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion to vacate is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 30, 2015

Frank D. Whitney
Chief United States District Judge